**Gregory CALLOW, Plaintiff-Appellant,**

v.

**AMERACE CORP., Defendant-Appellee.**

**No. 81–5734.**

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 1982.

Decided July 23, 1982.

Norman H. McNeil, Newport Beach, Cal., for plaintiff-appellant.

Roger P. Heyman, Valensi & Rose, Los Angeles, Cal., for defendant-appellee.

Before ANDERSON, FERGUSON, and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Substantially for the reasons thoroughly set forth by Judge Kelleher in his Memorandum Decision and Order dated July 30, 1981 (ER 41–54), we affirm the dismissal of plaintiff's complaint.

The district court dismissed the action (and three others not on appeal) against Amerace, plaintiff's employer, seeking to recover withheld federal and state income taxes. In doing so, it assessed attorney's fees of $2,000.00 against Callow for filing the suit in bad faith and for purposes of vexation and harassment. The district court further found Callow to be the "ringleader" of the group of taxpayer dissidents.

 The district court did not abuse its discretion in awarding attorney's fees. An attorney's fee award was appropriate under the facts and the "inherent powers" of the court. *Alyeska Pipeline Service v. Wilderness Society*, 421 U.S. 240, 259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Equal Employment Opportunity Commission v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982).

■ The claim that federal reserve notes are not valid money, presented under a variety of theories, has been rejected by every court considering the claim. *See, e.g., Stonecipher v. Bray*, 653 F.2d 398 (9th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *United States v. Carlson*, 617 F.2d 518 (9th Cir. 1980), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1981); *United States v. Smith*, 484 F.2d 8 (10th Cir. 1973), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974); *Eagle v. Kenai Peninsula Burough*, 489 F.Supp. 138 (D.Alaska, 1980); *Rap v. Peper*, 80–1 U.S. Tax Cases § 9204 (D.Alaska, 1979); *Chandler v. Perini Power Constructors, Inc.*, 520 F.Supp. 1152 (D.N.H.1981). The award of attorney's fees was an appropriate deterrent to future frivolous suits.

The express findings that Callow acted in bad faith and that he was the ringleader are supported in the record and are not clearly erroneous. Fed.R.Civ.P. 52(a).

■ Amerace seeks a further award of attorney's fees and costs on this appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912. Callow does not raise the frivolous federal reserve note issue on this appeal. He challenges only the fee award. Awarding fees under the court's inherent power is somewhat unusual and we are not persuaded that a finding of frivolity is justified. Accordingly, no fees will be allowed on this appeal. Amerace will recover only single costs on this appeal.

The judgment of the district court is AFFIRMED.