**Larry E. ODBERT, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. Nos. S–83–053 MLS, S–83–132 MLS.**

United States District Court,
E.D. California.

Aug. 31, 1983.

---

Richard L. Switzer, Trial Atty., Tax Div., Larry Meuwissen, Frank Gokey, U.S. Dept. of Justice, Washington, D.C., Yoshinori H. T. Himel, Asst. U.S. Atty., Sacramento, Cal., for U.S.

Larry E. Odbert, pro se.

## MEMORANDUM AND ORDER

MILTON L. SCHWARTZ, District Judge.

These actions comprise two related petitions to quash Internal Revenue Service summonses. Petitioner, Larry Odbert, filed Civil No. S–83–053 MLS on January 19, 1983, and Civil No. S–83–132 MLS on February 11, 1983. On April 1, 1983, respondent, United States, filed identical motions in each case seeking denial of the petitions to quash and summary enforcement of the summonses. On the same date respondent also moved to dismiss the petitions to quash insofar as they relate to certain summonses, claiming that they had been issued to parties who were not third-

party recordkeepers as defined in Internal Revenue Code § 7609(a)(3) and, therefore, that the court lacked subject matter jurisdiction to quash these summonses.

Pursuant to General Order No. 129 of the United States District Court for the Eastern District of California, filed April 5, 1983, both cases were referred to the magistrate for hearing. On June 7, 1983, in accordance with Local Rule 302, Magistrate Esther Mix filed proposed findings of fact and recommendations in each of the two cases. As to each case the magistrate found:

(1) That petitioner Larry E. Odbert failed to serve notice of filing of the petitions to quash, as required by 26 U.S.C. § 7609(b)(2)(B);

(2) That several of the parties to whom summonses had been issued were not third-party recordkeepers within the meaning of 26 U.S.C. § 7609(a)(3);

(3) That the summonses had been issued for a legitimate purpose under 26 U.S.C. § 7602, that is, the investigation of Odbert's federal tax liability and his liability for any offense connected with the administration or enforcement of the internal revenue laws for tax years 1977, 1978, 1979 and 1980;

(4) That the information sought is relevant to that purpose;

(5) That the information sought is not already in the possession of the IRS;

(6) That no Justice Department referral is in effect, as defined in 26 U.S.C. § 7602(c)(2); and

(7) That the administrative steps required by the Internal Revenue Code have been followed.

The magistrate also noted that in Civil No. S–83–132 MLS respondent no longer sought enforcement of certain summonses. Consequently, the magistrate recommended that the petitions to quash be denied in their entirety and that the motion to enforce certain of the summonses be granted. The magistrate further recommended that respondent's motion for costs and attorneys' fees be denied.

Petitioner has not filed objections to the magistrate's proposed findings and recommendations. Respondent filed objections on June 7 claiming that the court should exercise its discretion and award respondent attorneys' fees associated with this action and should require that any claim for costs be processed pursuant to Local Rule 122.[1]

█ Review of the magistrate's recommendation is governed by 28 U.S.C. § 636(b)(1)(C) which provides in part:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The judge may also receive further evidence or recommit

---

1. After respondent had filed its objections to the magistrate's proposals, it was served with another Petition to Quash filed by petitioner on July 28, 1983. *See* Civil No. S–83–799 RAR. One of the summonses challenged had been litigated in the instant case (Civil No. S–83–132 MLS). The magistrate had not recommended enforcement of that summons because Respondent had indicated the party has no records pertaining to petitioner.

The petitioner filed another Petition to Quash Summonses on August 3, 1983. *See* Civil No. S–83–870 LKK. This petition challenged five summonses. Three of these had been litigated previously, including the one discussed above. The magistrate in the instant case had recommended that the other two be enforced (Civil

No. S–83–53 or S–83–132 MLS), and Petitioner has not filed objections to this recommendation.

On August 5, 1983, respondent filed a supplement to the objections filed on June 17, 1983. In this supplement respondent argues that the filing by petitioner of the two additional Petitions to Quash is further evidence of bad faith litigation on the part of the petitioner and that an award of attorneys' fees is necessary to deter such behavior in the future.

On August 5, 1983, respondent also filed a Suggestion of Mootness as to Chevron, U.S.A. (Civil No. S–83–132 MLS). Respondent claims that the summons issued to Chevron is moot because that company has indicated that it has no information responsive to the summons.

the matter to the magistrate with instructions.

*See also Matthews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). When no objections have been filed the standard of review is within the court's discretion, *Chamblee v. Schweiker,* 518 F.Supp. 519 (N.D.Ga.1981); *Webb v. Califano,* 468 F.Supp. 825 (E.D.Cal.1979), however, the "clearly erroneous" standard is often used. *Chamblee,* 518 F.Supp. at 520. Thus, while the attorneys' fees and costs issues are subject to de novo review, the balance of the magistrate's findings and recommendations will be reviewed under the clearly erroneous standard.

The court has carefully reviewed the file herein and finds no basis for concluding that the magistrate's findings and recommendations, as to which no objections were filed, are clearly erroneous. For the following reasons, however, the court has concluded that the determination of costs should await post-judgment proceedings under Local Rule 122 and that respondent should be awarded attorneys' fees.

■ Local Rule 122 provides that the prevailing party may file a motion to tax costs within ten days after notice of entry of the judgment under which costs are claimed. The rule allows for the clerk to tax costs, unless objections are made in which case a hearing is held. Under Fed. R.Civ.P. 54(d) the prevailing party is presumptively entitled to costs and the court must state reasons for disallowing costs, since denial is in the nature of a penalty. *Serna v. Manzano,* 616 F.2d 1165 (10th Cir.1980). Even when the losing party brought the action in good faith, the general rule allowing costs to the prevailing party is upheld. *Electronic Specialty Co. v. International Controls Corp.,* 47 F.R.D. 158 (D.C.N.Y.1969). Therefore an award of costs should not be denied at this time and respondent should petition therefor pursuant to Local Rule 122.

■ Under the "American Rule," attorneys' fees are generally *not* recoverable absent statutory provisions. In *Alyeska Pipeline Services Co. v. Wilderness Socie-*ty, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), however, the court stated that attorneys' fees may be assessed when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.,* 95 S.Ct. at 1623. Such an award is predicated on the inherent power of the court. *See Browning Debenture Holders' Committee v. Dass Corp.,* 560 F.2d 1078 (2d Cir.1977). An award of attorneys' fees is proper where plaintiff has either filed or maintained an action in bad faith or for purposes of vexation and harassment. *See Callow v. Amerace Corp.,* 681 F.2d 1242, 1243 (9th Cir.1982).

■ The fact that the party seeking counsel fees in this case is the United States does not bar the award. Under *Alyeska,* the government may properly be remunerated for attorneys' fees incurred in defending against an action that is patently frivolous, "without any colorable merit," and brought solely for purposes of delay. *Brownie v. United States,* 83–1 U.S.T.C. ¶ 9334 (E.D.N.Y.1983). There is "no reason why government officials should be harassed by bad faith litigation at no risk to the plaintiff." *Moon v. Smith,* 523 F.Supp. 1332 (E.D.Va.1981).

■ Under *Alyeska,* the court has the inherent power to impose sanctions against either a *party* or *counsel* who "willfully abuses judicial process." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). In addition to this inherent power, the court has statutory authority to hold either counsel or a party personally liable for attorneys' fees imposed as a sanction under 28 U.S.C. § 1927. This statute provides that:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Because petitioner Larry Odbert filed this action *in propria persona,* section 1927 applies to him as either party or counsel. The language of the statute indicates that the award of fees is punitive and based upon a similar standard of bad faith as that applied under the common law in *Alyeska. See Barnd v. City of Tacoma,* 664 F.2d 1339, 1343 (9th Cir.1982); *see also Roadway,* 100 S.Ct. at 2464.

The standards for bad faith are necessarily stringent. *Adams v. Carlson,* 521 F.2d 168, 170 (7th Cir.1975). Under *Alyeska,* bad faith includes acting "vexatiously, wantonly, or for oppressive reasons." *Alyeska,* 95 S.Ct. at 1623. Consequently, "[a] party is not to be penalized for maintaining an aggressive litigation posture.... But advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense, for the extra outlays attributable thereto." *Lipsig v. National Student Marketing Corp.,* 663 F.2d 178, 181 (D.C.Cir.1980). Bad faith may be found when a suit is filed for purposes of harassment, *Callow,* 681 F.2d at 1243, or delay, *Brownie,* 83–1 U.S.T.C. at ¶ 9334, or when it is "patently frivolous" or "without colorable merit." *Id.* "Bad faith may be found not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973). *See also Roadway,* 100 S.Ct. at 2464.

The court finds that the acts of petitioner were sufficiently dilatory and vexatious to constitute bad faith. This determination is based upon petitioner's behavior in eight separate but related actions. Three of these actions involve petitions to enforce summonses filed by the United States; enforcement was necessary because summoned parties had failed to appear after receiving notice from Odbert not to appear. In two of these actions Odbert intervened and claimed that the summonses were not issued in accordance with the requirements of *U.S. v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Odbert further argued that the summonses

were issued solely for the purpose of criminal investigation and were therefore unenforceable. As to these actions, the court found Odbert's allegations unsupported by the facts and ordered the summonses enforced, with costs to the government. *See* No. Civ. S–82–618 PCW and No. Civ. S–82–1127 MLS. In the third action, Petitioner never filed intervention papers and never appeared at the magistrate's hearing. The magistrate recommended enforcement and petitioner has not filed objection. *See* Civil No. S–82–21 MLS.

A fourth action was initiated by petitioner under the Freedom of Information and Privacy Act. Petitioner failed to appear at the hearing on respondent's motion for summary judgment and summary judgment was granted. *See* Civil No. S–82–813 MLS.

The two actions presently before the court involve petitions to quash filed by Odbert. The arguments made in support of these petitions are identical to those asserted as to the other summonses in Civil No. S–82–618 PCW. Petitioner did not appear at the hearing on his petitions to quash and has not filed objections to the magistrate's recommendations that the summonses be enforced. Instead, petitioner has filed two more petitions to quash, *see* Civil No. S–83–799 RAR and Civil No. S–83–870 LKK, based on the same legal theories previously considered and rejected by the court. Furthermore, the new petitions seek to quash several summonses which have already been litigated, as well as one which the government no longer seeks to enforce.

It is apparent to this court that Odbert is not merely "maintaining an aggressive litigation posture." He has repeatedly failed to appear or otherwise participate in litigation that he initiated. He has petitioned to quash the same summons in more than one proceeding and several summonses which have been abandoned by the United States. In its objections to the magistrate's proposals, respondent estimates that petitioner's actions have delayed compliance with thirty-seven summonses for periods varying

from four to ten months. Thirty-one summonses are still unsatisfied, even though petitioner has established no legal ground supporting his petitions to quash. Petitioner's claims are voluminous, rather than meritorious, and have resulted in considerable additional expense to respondent.

It is the opinion of this court that the behavior of petitioner Larry E. Odbert in these related cases constitutes litigation "for the purpose of delay" and "without colorable merit."

Accordingly, IT IS HEREBY ORDERED:

1. That the petitions to quash are DENIED in their entirety;

2. That the summonses be enforced as to the following parties: Marietta Farr and Bank of America; Shaun Farrell and El Dorado Savings and Loan; American Express; Sears, Roebuck & Co.; Barbra M. Hinds and Atlantic Richfield Co.; Crocker National Bank; Imperial Savings and Loan Association; Wells Fargo Bank; Audrey R. Schuback and Allstate Savings and Loan; Thomas D. Klarin and Colwell Company; Bowest Corporation; Alan Prosio and State Capitol Investments; Dallas Everman and Lomas and Nettleton Company; W.D. Schloredt and Bank of America; Marilyn Holland and Weinstock's; Sylvia Morelos and Bank of America's Master Charge Division; Donna Marcus and J.C. Penney Company, Inc.; W.D. Lucas and Macy's; Carol Reed and Mervyn's; Fred Held and Montgomery Ward & Company; Robert Magee and Sacramento Savings & Loan; Dan Marinelli and Beneficial Finance of Northern California; and Kelly Colemere and Wells Fargo Mortgage Company;

3. That respondent's motion for costs await post-judgment proceedings under Local Rule 122; and

4. That respondent's motion for attorneys' fees is GRANTED, the amount thereof to be ascertained by the court upon review of respondent's affidavit (to be

served and filed within thirty (30) days of the date of this order) [2] itemizing and substantiating the amounts claimed.

---

**2.** If petitioner objects to the *amount*, as opposed to the award, of the fees claimed, he may serve and file, within ten (10) days after the filing of respondent's affidavit, his objections to the amount claimed by respondent.