5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 N. Lewis SCOTT, Plaintiff-Appellant,
v.
LLOYDS OF LONDON; International Airline Passenger
Association, Defendants-Appellees.
 No. 92-56598.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 N. Lewis Scott appeals pro se the district court's order dismissing his action on the ground Scott's claims are barred by the doctrine of res judicata. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993), and affirm.
 
 
 3
 In 1983, Scott was injured in an accident allegedly covered by a travel insurance policy issued by defendants. Scott filed an insurance claim that defendants' agents initially said had been approved. Later, however, defendants informed Scott they had disapproved the claim.
 
 
 4
 In October 1987, Scott, then represented by counsel, filed a first amended complaint in the federal district court for the Central District of California.[1] Scott alleged diversity jurisdiction and causes of action for breach of contract, fraud, deceit, and misrepresentation, and bad faith. On February 4, 1988, the district court granted defendants' motion to dismiss the complaint for failure to state a claim for which relief could be granted.
 
 
 5
 More than four years later, on June 24, 1992, Scott filed pro se a third complaint, alleging diversity jurisdiction and causes of action for breach of contract, fraud, and violations of RICO. Defendants filed a motion to dismiss, asserting in part that Scott was barred from relitigating his claims. Scott did not file a response to defendants' motion although he appeared at the hearing on the motion. On November 19, 1992, the district court dismissed Scott's action, holding that his claims were barred by the doctrine of res judicata because the dismissal of his first amended complaint in 1988 was a judgment on the merits.
 
 
 6
 A federal district court sitting in diversity applies the res judicata law of the state in which it sits. Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir.), cert. denied, 459 U.S. 1087 (1982). In California, "res judicata precludes a plaintiff from litigating a claim if the claim relates to the same primary right as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1036 (9th Cir.1990) (citations and quotations omitted), cert. denied, 112 S.Ct. 417 (1991).
 
 
 7
 Scott contends the district court erred because the 1988 dismissal of his first amended complaint was without prejudice and, therefore, was not a judgment on the merits. Scott relies on the fact that the words "with prejudice" in the February 4, 1988 order were crossed out. Scott's contention lacks merit.
 
 
 8
 Despite the language of the district court's 1988 order, it is obvious from the circumstances of this case that the court intended at that time to dismiss Scott's entire action and not just his first amended complaint. See Gerritsen v. De La Madrid Hurtado, 819 F.2d 1511, 1514-15 (9th Cir.1987). Thus, the February 4, 1988 dismissal, which was a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), was a judgment on the merits. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986).
 
 
 9
 In sum, Scott's latest complaint raises claims identical to the claims in his first amended complaint. That complaint, as well as the entire action, was dismissed and the dismissal was an adjudication on the merits. Because Scott was a party to the prior proceedings, he is barred by the doctrine of res judicata from relitigating those claims. See Sanchez, 936 F.2d at 1036. In addition, Scott is barred from raising a RICO claim because he could have done so in his first amended complaint. See Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 739 (9th Cir.1984) (en banc), cert. denied, 474 U.S. 919 (1985) ("a plaintiff with a claim supported by both state and federal law may not bring separate actions on each ground; the first action precludes the second if the first court had jurisdiction to adjudicate both grounds").
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Scott filed his original complaint pro se on June 27, 1987, alleging federal diversity jurisdiction and causes of action for fraud, breach of contract, bad faith, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-68. The district court dismissed the complaint with leave to amend
 
 
 [2]
 Defendants contend on appeal that Scott has waived his right to raise the issue of whether the February 4, 1988 order was a judgment on the merits by failing to raise the question before the district court. We decline to decide this appeal on that basis
 Defendants also contend Scott's claims are barred by applicable statutes of limitations. In light of our decision, we need not reach any limitations questions.