Gary B. JEFFERSON, Plaintiff–
Appellant,

v.

John ASHCROFT; * et al.,
Defendants–Appellees.

No. 02–55846.

D.C. No. CV–01–07614–AHM.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* John Ashcroft is substituted for Janet Reno, as Attorney General, pursuant to Fed. R.App. P. 42(c)(2).

Submitted Jan. 13, 2003.**

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

## MEMORANDUM ***

Gary B. Jefferson appeals pro se the district court's judgment dismissing with prejudice his action against various federal officials for failure to comply with a court order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992), and we affirm.

The district court did not abuse its discretion in dismissing Jefferson's action. The district court's order dismissing the original complaint without prejudice for improper service and lack of federal jurisdiction gave Jefferson a deadline for filing an amended complaint and instructed him to allege a coherent claim establishing federal jurisdiction. Although the order warned Jefferson that failure to comply would result in dismissal with prejudice, Jefferson's first amended complaint was filed late and did not allege a coherent federal claim. Consequently, the district court properly dismissed Jefferson's action with prejudice. *See Ferdik,* 963 F.2d at 1260–61; *see also Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1035 (9th Cir.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1985) (describing the substantiality doctrine).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.