**Gary B. JEFFERSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–55013.

D.C. No. CV–01–7613–RMT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Former postal carrier Gary B. Jefferson appeals pro se the district court's summary judgment in favor of the government on res judicata grounds in his action pursuant to the Federal Tort Claims Act ("FTCA") and the Federal Employment Compensation Act ("FECA") involving a dog bite he sustained on the job. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review de novo, *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir. 1992), and we affirm.

The district court properly granted summary judgment on res judicata grounds on Jefferson's FTCA and FECA claims because these claims were litigated in a prior district court action, which was affirmed by this court in *Jefferson v. United States,* No. 97–55822, 1998 WL 598402 (9th Cir. Aug. 17, 1998). *See id.* at 1320.

Res judicata also bars Jefferson's bad faith claim because he could have asserted it in the prior action, and because both suits arose from the same transactional nucleus of fact. *See Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.1982) ("Res judicata additionally bars 'all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" (internal quotation omitted).

The district court properly granted summary judgment on Jefferson's mail fraud claim because the mail fraud statute does not provide a private right of action. *See* 18 U.S.C. § 1341.

In his complaint, Jefferson stated that he was pursuing his RICO claims in a separate action. This court affirmed the dismissal of that separate action in *Jefferson v. Ashcroft,* No. 02–55846, 55 Fed. Appx. 467 (9th Cir. Jan.13, 2003). Like the district court, we decline to address Jefferson's purported RICO claims in this action.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.