**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE-JAY SMITH-BEY, | No.   23-55788 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-02600-ODW-PD |
| v. | |
| SHANELLE CSS HAMLIN II; TERRIE HARDY, Director, Los Angeles Child Support Service Title VI-D agency; COUNTY OF LOS ANGELES; JACQUES C. ADRIEN, CRD No. 2996942; E* TRADE SECURITIES, LLC; DOES, 1-100, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| MORGAN STANLEY, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 3, 2025, 2025[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Willie-Jay:Smith-Bey III ©[1] appeals the district court's order dismissing with prejudice his first amended complaint for lack of subject matter jurisdiction. We review de novo a dismissal for lack of jurisdiction. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). We affirm.

The district court determined that Smith-Bey's allegations were insubstantial and devoid of merit, and therefore, it lacked federal question jurisdiction.[2] "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court.'" *Id*. (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Smith-Bey does not directly challenge the court's determination that his

---

[1] Appellant styles his name in this manner.

[2] The district court also determined that Smith-Bey did not adequately allege diversity jurisdiction. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."). Smith-Bey has not challenged that determination on appeal.

claims were devoid of merit. Instead, he asserts that the district court "erred by not up holding [sic] the First Amendment, Fourteen[th] Amendment and the Snyder Act of 1924 of indigenous U.S. citizenship." Smith-Bey generally cites these provisions and argues that the district court failed to provide him notice and an opportunity to be heard before dismissing the case for lack of jurisdiction. The district court, however, notified Smith-Bey that his allegations were insubstantial and devoid of merit, and gave him the opportunity to file an amended complaint. He did so, but he did not cure the defects noted in the district court's order.

Smith-Bey has not shown that the court erred in concluding that the claims asserted in his amended complaint are devoid of merit. Accordingly, we affirm the district court's dismissal under the substantiality doctrine. *See id.* (explaining the difference between dismissal for failure to state a claim and dismissal under the substantiality doctrine).

**AFFIRMED.**