Bonnie CHAMBLEE

v.

Richard SCHWEIKER, Secretary of Health & Human Services.

Civ. No. C80–403A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 11, 1981.

William I. Aynes, Aynes & Digby, Atlanta, Ga., for plaintiff.

William L. Harper, U. S. Atty., Kathie G. McClure, Asst. U. S. Atty., Carl H. Harper, Regional Atty., Dept. of Health and Human Services, Jerry J. Wall, Asst. Regional Atty., Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This action comes before the court on the magistrate's report and recommendation that the Secretary's decision to deny the plaintiff disability benefits be affirmed. While before the magistrate, the plaintiff took issue with the administrative law judge's decision, but she did not file any objections to the magistrate's report to this court. For this reason, and after a review of his report and the administrative law judge's findings, the court accepts the magistrate's recommendation.

■ A party who files objections to the magistrate's report is entitled to a de novo determination by this court of the recommendations to which he or she objects. 28 U.S.C.A. § 636; see Mathews v. Weber, 423 U.S. 261, 270–71, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). In the court's judgment, however, when the party is notified of this right to object to the magistrate's report, and of the time limits within which these objections must be filed, and fails to do so, he or she has waived this right to de novo consideration of the issues raised in the case. See United States v. Walters, 638 F.2d 947, 949–50 (6th Cir. 1981); United States v. Lewis, 621 F.2d 1382, 1386 (5th Cir. 1980); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); United States v. Bullock, 590 F.2d 117, 120 (5th Cir. 1979); John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 588 F.2d 24, 31 (2d Cir. 1978), cert. denied, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979); United States v. Barney, 568 F.2d 134, 136 (9th Cir.), cert. denied, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978); Consorcio Constructor Impregilo v. Mack Trucks, Inc., 497 F.Supp. 591, 593 (E.D.Pa.1980). Then use of a standard of review more closely akin to the rule 52 "clearly erroneous" standard is appropriate.

■ Construing the relationship between the court and the magistrate in this manner is consistent with the purpose of the Act, which authorizes the magistrates to assume some of the burden imposed by a burgeoning caseload. De novo consideration of every case referred to the magistrate in which no objections are filed would be redundant. When a party fails to object to the magistrate's report, then, the court may determine for itself what level of scrutiny is called for. See Webb v. Califano, 468 F.Supp. 825, 830–31 (E.D.Cal.1979).

The court has reviewed the magistrate's report and the record of the proceedings before the administrative law judge. While the plaintiff raised some issues earlier that trouble the court, it is not persuaded that, measured against a narrow standard of review, the magistrate's recommendation is erroneous. Accordingly, the court hereby approves the magistrate's report and adopts his findings as the opinion of this court. The Secretary's decision denying the plaintiff disability benefits is hereby affirmed. The clerk is directed to enter judgment in favor of the defendant.