**Shawn MASCIARELLI, Plaintiff**

v.

**RICHARD J. BOUDREAU & ASSOCIATES, LLC, and John Doe (individually), Defendants.**

**Civil Action No. 07–10702–JLA.**

United States District Court,
D. Massachusetts.

Dec. 20, 2007.

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket # 12)

ALEXANDER, United States Magistrate Judge.

On April 10, 2007, the plaintiff, Shawn Masciarelli ("Masciarelli"), brought suit in federal court based on federal question jurisdiction against the defendants Richard J. Boudreau & Associates, LLC and its employee collector, Arthur Ormond (collectively "Boudreau") under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 *et seq.* ("Count I"). On June 28, 2007, the parties consented to trial by Magistrate Judge, this case then being reassigned to this Court for all further proceedings. On September 19, 2007, Masciarelli filed a motion to amend his Complaint, adding a claim under the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") ("Count II"). This Court granted that motion on October 22, 2007, and Masciarelli now files a motion for partial summary judgment as to liability for Counts I and II.

This action arises out of a debt owed by Masciarelli to certain creditors. In an effort to collect that debt, Boudreau, a business engaged in debt collecting services, called Masciarelli several times attempting to collect. On March 22, 2007, Boudreau, through Arthur Ormand, left a voice-mail message for Masciarelli stating that Boudreau intended to treat Masciarelli's silence as permission to contact Masciarelli's employer and garnish his wages. Boudreau also failed to identify itself as a debt collector in the message.[1] As a result,

Nicholas F. Ortiz, Law Office of Nicholas F. Ortiz, P.C., Boston, MA, for Plaintiff.

Adam B. Zlotnick, Richard J. Boudreau and Associates LLC, Salem, NH, for Defendants.

1. The content of the message is not disputed and specifically admitted by Boudreau in it's response to Request No. 1 of Masciarelli's Second Set of Requests for Admissions. The undisputed transcript of the message is as follows:

"Hi Shawn. Its [sic] Arthur Ormond, we were just speaking. I'm not sure what hap-

Masciarelli seeks statutory and actual damages based on Boudreau's harassing and misleading threats in connection with the collection of debt. Armed with Boudreau's responses to his requests for admissions, Masciarelli now seeks partial summary judgment as to liability under Counts I and II, alleging that there remain no issues of material fact, and that he is now entitled to summary judgment as a matter of law. For the foregoing reasons, Masciarelli's motion is hereby GRANTED.

"Summary Judgment is appropriate only when 'there is no issue of genuine material fact, ... and the court must look at the record in the light most favorable to the party opposing the motion, indulging all inferences in that party's favor." *Fidler v. Eastman Kodak Co.*, 714 F.2d 192, 197–98 (1st Cir.1983) (citation omitted).

When considering whether to grant summary judgment, a court must determine whether:

The pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P 56(c).

In making this assessment, the court must "accept all reasonable inferences favorable to the nonmovant." *Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.*, 103 F.3d 196, 205 (1st Cir.1996) (collecting cases). However, a factual dispute which is neither "genuine" nor "material" will not survive a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To decide whether a factual dispute is "genu-

ine," the Court must determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.; see also Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995).

*Count I—Violation of the Fair Debt Collection Protection Act*

In light of the admitted conduct, a reasonable jury could not return a verdict in favor of Boudreau. Count I asserts claims under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA prohibits unfair or unconscionable collection methods, including the making of any false, misleading, or deceptive statements in connection with a debt, and requires that debt collectors make certain disclosures, including a disclosure of their identity as a debt collector. *Id. See also Acosta v. Campbell*, No. 6:04 Civ. 761, 2006 WL 146208, at *12 (M.D.Fla. Jan. 18, 2006); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 n. 9 (6th Cir.1998). Here, Boudreau has admits to leaving a message on Masciarelli's voice-mail that, though in connection with the collection of a debt, failed to disclose Boudreau's identity as a debt collector in violation of the FDCPA. Accordingly, Boudreau's message violated the FDCPA as a matter of law. *See Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F.Supp.2d 1104, 1116 (C.D.Cal.2005) (defendant's messages failed to convey its status as a debt collector, in violation of FDCPA).

In their opposition to this motion, the defendants rely on *Pressley v. Capital Credit & Collection Service*, 760 F.2d 922 (9th Cir.1985), to support their contention that the voice-mail recording did not con-

pened. Why don't you give me a call tomorrow morning? Let me know how you want to handle it. If not I guess I can just contact your payroll department and we can take it

from there. The number is toll free 866–890–1644 extension 225. If I don't hear from you, I'll assume that's what you want me to do. Thank you."

stitute a communication under the statute. *Id.* at 925 (holding that follow up communications were not subject to the FDCPA's notice requirements). However, numerous courts have rejected *Pressley,* and in fact, this Court is unable to find a single court outside of the Ninth Circuit adopting *Pressley's* reasoning. *See, e.g., Tolentino v. Friedman,* 46 F.3d 645, 650 (7th Cir. 1995) (noting widespread rejection of *Pressley); Carroll v. Wolpoff & Abramson,* 961 F.2d 459, 461 (4th Cir.1992) (stating, "in our view, the language 'all communications' in section 1692e(11) is clear and unambiguous. It makes no distinction between initial and subsequent communications"); *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 27 (2nd Cir.1989) (explaining reasons why the Second Circuit disagrees with *Pressley); Emanuel v. Am. Credit Exch.,* 870 F.2d 805, 808 (2nd Cir.1989); *Hulshizer v. Global Credit Serv. Inc.,* 728 F.2d 1037, 1038 (8th Cir.1984); *Hosseinzadeh,* 387 F.Supp.2d at 1114–16; *Seabrook v. Onondaga Bureau of Med. Econ., Inc.,* 705 F.Supp. 81, 86–87 (N.D.N.Y.1989).

Realizing the unpersuasiveness of *Pressley* on its own, Boudreau's counsel asserted, at oral argument, that the 1996 amendment to the FDCPA strengthens *Pressley's* reasoning. While *Pressley* was most enthusiastically rejected prior to the 1996 amendment, this Court finds little authority to suggest a different result subsequent to the amendment. While the 1996 amendment to the FDCPA altered the "warning" disclosure requirement, it maintained the "notice" disclosure requirement. Given the clear and unambiguous

language of 15 U.S.C. Section 1692 *et seq.,* a collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications. Where, as here, the disclosure was not provided, summary judgment is appropriate.

■ Additionally, the FDCPA imposes strict liability on debt collectors who violate its provisions. *Harrington v. CACV of Colo., LLC,* No. 06 Civ. 11216, 2007 WL 2452891, at *3 (D.Mass. Aug. 30, 2007); *see also Picht v. John R. Hawks, Ltd.,* 236 F.3d 446, 451 (8th Cir.2001). Thus, Boudreau's rationale behind the violation of provisions under the FDCPA is of little concern. Lastly, Boudreau's false threats to contact Masciarelli's employer and garnish his wages also violated the FDCPA. *See* 15 U.S.C. § 1692e(5), 1692e(10).[2] Accordingly, Boudreau violated the FDCPA as a matter of law and Masciarelli's motion for partial summary judgment as to Count I is hereby GRANTED.

*Count I—Violation of Massachusetts Consumer Protection Act*

■ Massachusetts law prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a). Masciarelli relies on the same conduct for which he asserts his claim under the FDCPA as evidence that Boudreau also violated Chapter 93A. Such reliance is not misplaced, considering that numerous courts within this Circuit have held that, "Violations of the FDCPA are *per se* violations of Chapter 93A." *Harrington,* 508 F.Supp.2d 128, 136–37. *See*

---

2. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5)The threat to take any action that cannot legally be taken or

that is not intended to be taken. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. Section 1692e(5), (10) (extraneous text omitted).

also *French v. Corp. Receivables, Inc.*, 489 F.3d 402, 403 n. 1 (1st Cir.2007); *Martin v. Sands,* 62 F.Supp.2d 196, 201 (D.Mass. 1999). Additionally, the Attorney General of Massachusetts has enacted several regulations which closely mirror the FDCPA and would support a claim under Chapter 93A if violated. *See, e.g.,* 209 C.M.R. 18.16(4), (5), and (10). Considering the conduct already admitted to, no reasonable jury could find for Boudreau under the Chapter 93A claim. Accordingly, Masciarelli's motion for partial summary judgment as to liability for Count II is hereby GRANTED.

SO ORDERED.